SUMMARY ORDER
Plaintiffs-appellants Gladys Sanchez, Edgardo Sanchez, and others (collectively, “plaintiffs”) appeal from a March 18, 2008 order of the District Court, denying their motion for attorney’s fees under 42 U.S.C. § 1988(b). See Sanchez v. Pataki, Nos. 98-cv-06282 (DGT), 95-cv-03803 (DGT), 2008 WL 729097 (E.D.N.Y. Mar. 18, 2008). Specifically, the District Court concluded that plaintiffs were not prevailing parties under § 1988(b), and accordingly, were not entitled to attorney’s fees. Id. at *5. We assume the parties’ familiarity with the factual and procedural history of the.case, as well as the issues on appeal.
“We review the district court’s grant of attorney’s fees for abuse of discretion.” Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 102 (2d Cir.2009). “Inasmuch as the resolution of the district court’s grant of attorney’s fees implicates questions of law, our review is de novo.” Id. (citing Williams v. Beemiller, Inc., 527 F.3d 259, 264 (2d Cir.2008)). Because the District Court’s denial of attorney’s fees resulted from its conclusion that the plaintiffs were not prevailing parties under § 1988(b), we review the District Court’s decision de novo.
Section 1988, subsection (b) provides that “[i]n any action or proceeding to enforce a provision of ... [42 U.S.C. §§ ] 1981, 1981a, 1982, 1983, 1985, and 1986 ... the court, it its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” As we have previously stated, a “prevailing party” is “one who has favorably effected a ‘material alteration of the legal relationship of the parties’ by court order.” Garcia, 561 F.3d at 102 (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). A plaintiff is not a “prevailing party,” however, if he “achieves the desired result because the lawsuit brought about a voluntary change in the defendant’s conduct.” Buckhannon, 532 U.S. at 601, 121 S.Ct. 1835. The Supreme Court determined that if the defendant acted only voluntarily, his actions would “lack[ ] the necessary judicial imprimatur on the change” for the plaintiff to be considered a prevailing party. Id. at 605, 121 S.Ct. 1835.
*691 In the case at hand, the District Court did not enter a judgment on the merits, a consent decree, or an order of dismissal in which it retained jurisdiction or incorporated the terms of a settlement agreement. In light of these facts, and for the reasons further articulated in the District Court’s careful Memorandum and Order of March 18, 2008, see Sanchez, 2008 WL 729097, we conclude that the case lacks sufficient judicial imprimatur to render the plaintiffs a prevailing party. As a result, plaintiffs’ motion for attorneys fees under 42 U.S.C. § 1988(b) was properly denied.

CONCLUSION

For the reasons stated above, the March 18, 2008 order of the District Court is AFFIRMED.